

**IT IS ORDERED as set forth below:**

**Date: April 7, 2017**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| IN RE: | |
| CLINTON ORRIN WITHROW, | CASE NO. 16-40279-PWB |
| Debtor. | |
| | CHAPTER 7 |
| BITECH, INC., | |
| Plaintiff, | |
| | ADVERSARY PROCEEDING |
| v. | NO. 16-4041-PWB |
| CLINTON ORRIN WITHROW, | |
| Defendants. | |

| | |
|---|---|
| IN RE:<br><br>SANDRA DALANE PARKER,<br><br>   Debtor. | CASE NO. 16-40281-PWB<br><br>CHAPTER 7 |
| BITECH, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>SANDRA DALANE WEST f/k/a SANDRA DALANE PARKER,<br><br>   Defendants. | ADVERSARY PROCEEDING NO. 16-4042-PWB |

## ORDER

BiTech, Inc., the Plaintiff, asserts claims in the bankruptcy cases of Clinton Orrin Withrow and Sandra Dalane Parker a/k/a Sandra Dalane West, the Debtors. In each of their cases, BiTech and the Debtors agreed to extend the deadline to file a complaint objecting to the Debtors' discharges through and including July 25, 2016. In each case, BiTech filed a complaint objecting to the dischargeability of its debt, but not to the Debtors' general discharges.  The Debtors contend that, because the deadline extension only applied to a complaint objecting to discharge, BiTech's dischargeability complaints fail to state a claim upon which relief may be granted and must be dismissed.  For the reasons stated herein, the Court grants the motions to dismiss.

2

## I. Factual Background

The facts in this proceeding are undisputed and straightforward. Each Debtor filed a chapter 7 bankruptcy petition on February 5, 2016. On the same day, the Clerk of the Bankruptcy Court issued a Notice of Chapter 7 Bankruptcy Case. This Notice lists information such as the names and contact information for a debtor, the debtor's counsel, and the Chapter 7 Trustee, the date, time and location of the meeting of creditors, and important deadlines in the case.

Relevant here is the deadline for filing a complaint objecting to discharge or the dischargeability of the debt. The Notice in each case established a deadline of May 23, 2016, "to object to discharge or to challenge whether certain debts are dischargeable." The Notice specifically provides, "You must file a complaint: if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6)." This deadline derives from the requirements that complaints objecting to discharge (FED. R. BANKR. P. 4004) and dischargeability (FED. R. BANKR. P. 4007(c)) must be filed no later than 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a).

On May 23, 2016, Bitech and Performance, Inc. filed a "Motion to Extend Time to File Objection to Discharge" in each of the Debtors' bankruptcy cases [Doc. 33, Case 16-40279; Doc. 40, Case 16-40281]. The identical motions state, "Pursuant

3

to F.R.B.P. 4004, an objection to discharge must be filed within 60 days from the date of the meeting of creditors, which time can be extended if the motion is filed within the same time period. Movants are still investigating its [sic] claims against Debtor and determining whether to bring the claims, and seek an additional sixty days to file any such action."

On June 14, 2016, the Court entered identical Consent Orders in each case, prepared and presented by BiTech's and Performance, Inc.'s counsel, that provided that "the time for filing a Complaint Objecting to the Discharge of Debtor by Movants in this case be extended through and including July 25, 2016." [Doc. 38, Case 16-40279; Doc. 47, Case 16-40281].

On July 21, 2016, BiTech filed its complaints to determine the dischargeability of its debt pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6) against each Debtor. BiTech did not assert any ground for objecting to either of the Debtor's discharges pursuant to 11 U.S.C. § 727(a).

In response to each complaint, each Debtor filed a motion to dismiss it for failure to state a claim for relief pursuant to FED. R. CIV. P. 12(b)(6), made applicable by FED. R. BANKR. P. 7012. Each Debtor contends that BiTech's dischargeability complaint fails to state a claim upon which relief may be granted because it was not timely filed.[1]

---

[1] The Debtors also contend that BiTech's § 523(a)(2)(A), (a)(4) and (a)(6) claims should be dismissed for substantive reasons. Based on the Court's ruling, it is unnecessary to consider these assertions.

4

BiTech opposes the motions on three grounds. First, it contends that the Consent Orders extending the deadline do not refer to either Bankruptcy Rule 4004 or 4007 and, therefore, the Court should not infer a limitation on the ground for the extension. Second, it asserts that the reference to Rule Bankruptcy Rule 4004 rather than Rule 4007 was inadvertent and a "typo." Finally, BiTech argues that, because the Debtors consented to the extension of time for it to file a complaint, its filing could be of no surprise or the cause of harm and the application of a strict deadline would be inequitable. [Doc. 10 in each adversary proceeding].

## II. Legal Discussion

The simple question before the Court is whether BiTech's § 523 dischargeability complaints are untimely. Based upon the plain language of the Bankruptcy Rules, BiTech's motions, and the Consent Orders, the answer is straightforward. BiTech's complaints to determine the dischargeability of its debt are not timely filed and, therefore, do not a state a claim upon which relief may be granted.

Rule 8 of the Federal Rules of Civil Procedure, made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure, provides that a claim for relief shall include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court explained that a claim must have "facial plausibility," which is met "when the plaintiff pleads factual content that

5

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim is not facially plausible if it is not timely filed and the debtor timely raises that defense.

### A. The plain language of the Rules and pleadings control

The Court begins with the legal foundation that an objection to discharge and an objection to the dischargeability are two distinct and different claims for relief. The grounds for objection to discharge are set forth in § 727(a)(2) through (a)(8). The grounds for objection to the dischargeability of a debt are set forth in § 523(a)(2) through (a)(19). Put simply, the grounds for objection to discharge reflect a concern that the debtor's conduct is deceptive or detrimental toward the court, trustee, and creditor body as a whole. By comparison, the grounds for objection to the dischargeability of a debt go to a debtor's conduct (usually tortious) with respect to an individual creditor.

Not only are objections to discharge and dischargeability controlled by different sections in Title 11, they are each governed by separate Bankruptcy Rules. Bankruptcy Rule 4004(a) provides that a complaint objecting to a chapter 7 debtor's discharge must be filed no later than 60 days after the first date set for the meeting of creditors. This deadline may be extended on motion of a party in interest, but the motion must be filed before the time has expired. Likewise, Bankruptcy Rule 4007(c) provides that a complaint to determine the dischargeability of a debt under § 523(c) (that is, under § 523(a)(2), (a)(4), or (a)(6)) must be filed no later than 60 days after

6

the first date set for the meeting of creditors. The court may extend this deadline, on motion, as long as the motion is filed before the time has expired.

The deadlines for (1) filing a complaint or (2) seeking an extension of time to file the complaint set forth in Bankruptcy Rules 4004 and 4007 are hard and fast. For example, while Bankruptcy Rule 9006(b) permits late filings when due to excusable neglect in some circumstances, an extension of time due to excusable neglect is not available for application to extensions under either Bankruptcy Rule 4004 or 4007. FED. R. BANKR. P. 9006(b)(3) ("The court may enlarge the time for taking action under Rules . . . 4004(a), 4007(c) . . . only to the extent and under the conditions state in those rules.").

The Eleventh Circuit has consistently concluded that a motion to extend the time for filing a dischargeability complaint under Rule 4007(c) must be made before the expiration of the deadline because the "dictates of the Code and Rules are clear." *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988). *See Stuart v. Mendenhall (In re Mendenhall)*, 572 Fed. Appx. 858, 862 n.2 (11th Cir. 2014) ("*Alton* is still good law for the general rule that the bankruptcy court has no discretion to grant a late-filed motion to extend time to file a dischargeability complaint, at least where the debtor has properly raised untimeliness as an issue.").

Having set forth the strict nature of the deadlines contained in Rules 4004 and 4007 and the distinct concepts of objection to discharge and objection to dischargeability, the Court turns to the facts of the cases.

The language used by BiTech in the motions to extend time and the Consent Orders is plain.  Each motion is titled, "Motion to Extend Time to File Objection to Discharge," and each specifically "moves for an extension of time to file an objection to discharge," and each refers to Bankruptcy Rule 4004.  Each Consent Order references the motion and plainly provides that it is "Ordered, Adjudged and Decreed that the time for filing a Complaint Objecting to the Discharge of Debtor by Movants in this case be extended through and including July 25, 2016."

There is no ambiguity in the terminology used.  Each motion and Order repeatedly refer to an "objection to discharge."  Had the motions or Consent Orders at any point referenced the distinct legal claim of dischargeability, the contention that the reference to Bankruptcy Rule 4004 was a typo would be more plausible. *See, e.g. In re Weinstein*, 234 B.R. 862 (Bankr. E.D.N.Y. 1999) (body of motion requested extension of time to dischargeability complaint notwithstanding reference to incorrect rule).  But nowhere in either document is there a reference to dischargeability. Accordingly, the deadline for objecting to discharge was extended, but the deadline for objecting to the dischargeability of a debt was not.

Two cases with substantially similar facts support the Court's conclusion. In *In re Robinson*, 525 B.R. 822 (Bankr. N.D. Ga. 2015) (Drake, J.), the bankruptcy court extended the deadline for the creditor to file a complaint to determine dischargeability under 523(c).  The creditor thereafter filed a complaint objecting to the dischargeability of her debt under § 523(a)(2)(A) and (B) *and* to the debtor's discharge under § 727(a). Noting that deadlines provided in the Bankruptcy Rules are

8

to be strictly construed, the Court concluded that the creditor's objection to discharge under § 727 was barred as late because the deadline for filing a complaint was extended only for § 523(c) claims. *Robinson*, 525 B.R. at 826.

Similarly, in *In re Noll*, 249 B.R. 568 (M.D. Fla. 2000), the district court reversed the bankruptcy court's ruling extending both the deadline for objecting to discharge and dischargeability when the motion had only sought extension of the deadline for filing an objection to discharge.

In *Noll*, the creditor filed a motion for extension of time to file a complaint objecting to discharge and citing Bankruptcy Rule 4004. At a hearing on the motion, the court permitted the creditor to amend his motion to include a request to extend the deadline to file an objection to dischargeability of a debt pursuant to Bankruptcy Rule 4007 and granted deadline extensions as to both. Following entry of judgment on the dischargeability complaint, the debtor appealed.

The district court reversed, concluding that the original motion clearly referred only to an objection to discharge and that because no motion for an extension of time pursuant to Rule 4007 was filed prior to the deadline, the bankruptcy court erred in allowing the creditor to amend the motion and include an extension of time to file a complaint under § 523.

BiTech has offered no legal support contrary to these decisions that would lead this Court to a contrary conclusion.

Moreover, a cursory review of the dockets in the cases would have revealed that other creditors had sought similar deadline extensions and those motions

9

specifically referred to Bankruptcy Rule 4007 and dischargeability. *E.g.*, Case 16-40279, Doc. 27 (seeking deadline extensions for both § 523 and § 727 complaints), Doc. 28 (seeking deadline extension for § 523 complaint); Case 16-40281, Doc. 31 (seeking deadline extensions for both § 523 and § 727 complaints), Doc. 34 (seeking deadline extension for § 523 complaint).[2]

Based on the plain language of the Bankruptcy Rules and the terms of the Consent Orders entered in each case, the Court concludes that BiTech's complaints to determine the dischargeability of its debt in each case are untimely and subject to dismissal.

### B. No equitable grounds exist to permit the late-filed dischargeability complaints

To the extent BiTech contends that the Court should exercise its equitable powers to permit a late-filed dischargeability complaint, the Court concludes no grounds exist.

First, as discussed above, Bankruptcy Rule 9006(b)(3) circumscribes the Court's ability to extend the deadlines of Rules 4004 and 4007. Thus, even if the creditor's conduct were due to "excusable neglect" – and the Court makes no such determination, Bankruptcy Rule 9006(b) does not provide recourse for the extension of the deadline.

Second, the Court declines to exercise its equitable power (to the extent it possesses such power) to permit the late filing of the dischargeability complaint. In

---

[2] The deadline extensions given to these creditors, however, were applicable only to these creditors.

10

*Kontrick v. Ryan*, 540 U.S. 443 (2004), the U.S. Supreme Court determined that the filing deadlines prescribed in Bankruptcy Rules 4004 and 9006(b)(3) are "Claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate." *Kontrick*, 540 U.S. 454.  The sole question before the Supreme Court was whether the debtor had forfeited his right to assert the untimeliness of the creditor's amended complaint by failing to raise the issue until after that complaint was adjudicated on the merits.  The Court found he had.

Nevertheless, the Court noted that, if the debtor had timely raised the late filing issue, the question before the bankruptcy court would have been "whether the time restrictions in the Rules are in such emphatic form as to preclude equitable exceptions." *Id.* at 457.  That was a question, however, the Court did not reach.

*Kontrick* leaves open the question of whether a plaintiff may assert an equitable defense in opposition to a motion to dismiss an untimely filed complaint.  It is an open question in the Eleventh Circuit.

In three cases, two pre-*Kontrick* and one post-*Kontrick*, the Eleventh Circuit has considered the possibility of equitable tolling with respect to Rule 4007.  *Alabama Dept. of Economic and Comm. Affairs v. Lett (In re Lett)*, 368 Fed. Appx. 975, 979 (11th Cir. 2010); *Durham-Ritz, Inc. v. Williamson (In re Williamson)*, 15 F.3d 1037, 1040 (11th Cir. 1994); *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988). In all three cases, the Eleventh Circuit first considered and rejected the merits of the creditor's equity argument and, therefore, did not reach the legal issue of whether Rule 4007's filing deadline was subject to equitable tolling.

11

The Court, therefore, will consider whether any factual basis exists for permitting as a matter of equity the Plaintiff's late-filed dischargeability complaint.

Some courts have permitted late filings under specific circumstances, invoking the concept of "equitable tolling" of the deadline, though such tolling has been applied in only very limited circumstances. *See United States v. All Funds Distributed to or o/b/o Weiss*, 345 F.3d 49, 54 (2d Cir. 2003) ("[E]quitable tolling is difficult to attain, as it is reserved for extraordinary or exceptional circumstances"); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("The Federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.").

The common element shared by cases where equitable tolling of a deadline has been applicable is that the creditor's failure to meet the deadline has somehow arisen due to circumstances beyond her control.

For example, courts have invoked equitable tolling to permit a late-filed complaint where a bankruptcy court or clerk's office affirmatively misleads a creditor as to a deadline. *E.g., Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir. 1994) (where bankruptcy court erroneously set a second bar date for filing dischargeability complaints before the first date expired, and where a creditor, in reliance on the second date, filed a complaint prior to the second deadline, the bankruptcy court abused its discretion when it did not permit the complaint to proceed); *Themy v. Yu (In re Themy),* 6 F.3d 688, 690 (10th Cir. 1993) ("Although the

provisions of Rules 4004 and 4007 are strictly enforced, courts have almost uniformly allowed an out-of-time filing when the creditor relies upon a bankruptcy court notice setting an incorrect deadline"); *Landmark Community Bank, N.A. v. Perkins (In re Perkins)*, 271 B.R. 607 (8th Cir. B.A.P. 2002) (late-filed complaint permitted where creditor relied on erroneously issued second bar date and affirmative statement by clerk's office employee); *contra, Durham Ritz, Inc. v. Williamson (In re Williamson)*, 15 F.3d 1037 (11th Cir. 1994) (equities of case do not permit late filing of dischargeability of complaint and, therefore, complaint properly dismissed).

Likewise, courts have permitted late filings where the debtor has acted with culpability. *See Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir. 2003) (equitable tolling applied to deadline, and complaint allowed three days late, where debtor failed to comply with court order to turn over documentation); *In re Albini*, 2004 WL 943908 (Bankr. D. Conn. 2004) (Debtor's omission of creditor's attorney from matrix and schedules for notice purposes and Debtor's post-petition conduct evidenced a potentially conscious attempt to promote inaction by the creditor).

But some circumstances do not rise to the level of being beyond the creditor's control. For example, in *Choi v. Promax Investments*, 486 B.R. 541 (N.D. Ga. 2014), the district court reversed the bankruptcy court's holding that the deadline was equitably tolled due to inclement weather that prevented the creditor's attorney from accessing his office to review his notes in time to file the complaint. The district court concluded that the creditor had failed to adequately explain how the weather prevented him from electronically filing a motion for an extension of time or calling

13

the court or opposing counsel and finding a practical solution to his access issues, especially since the court and the opposing counsel's offices were open the day before and the day of the deadline.

Similarly, in *In re Harper*, 489 B.R. 251 (Bankr. N.D. Ga. 2013) (Drake, J.), the Court found that the creditor's decision to wait until 11:45 p.m. the day of the deadline to attempt to upload a complaint through the ECF system and a resulting "computer freeze" that rendered the complaint untimely did not constitute an extraordinary circumstance beyond its control.

Indeed, this Judge has found that a creditor's decisions sometimes lead to harsh results. In an unpublished decision, *In re Faillace*, Case 04-93282-pwb, Doc. 27, (Bankr. N.D. Ga. Sept. 17, 2004) (Bonapfel, J.), this Court concluded that a creditor's decision to use a courier service to file a dischargeability complaint on the afternoon of the deadline and the courier's arrival after the clerk's office closed, resulting in missing the deadline, did not constitute a basis for extending the late filing on equitable grounds.

It is unnecessary for the Court to reach the legal issue of "whether the time restrictions in the Rules are in such emphatic form as to preclude equitable exceptions." *Kontrick*, 540 at 457. This is because no equitable ground exists to permit the Plaintiff's late-filed complaint.

As the cases demonstrate, the bar is exceedingly high to invoke the Court's equitable powers. The Clerk's office committed no error. There is no allegation that the Debtors somehow intentionally acted to mislead BiTech. There was no physical

barrier to the filing of the complaint. BiTech had notice of the deadlines. Indeed, BiTech timely filed the complaints - objections to discharge – as contemplated by the unambiguous motions to extend the deadlines and the Consent Orders. No basis exists for permitting the late-filed dischargeability complaints in these cases.

The result here is harsh, but the Rules are clear. Accordingly, it is

ORDERED that in each proceeding the motion to dismiss is granted.

## END OF ORDER

**Distribution List**

Ryan L. Isenberg
Isenberg & Hewitt, PC
600 Embassy Row, Suite 150
6600 Peachtree Dunwoody Road
Atlanta, GA 30328

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason, P.A.
Suite W212
1117 Perimeter Center West
Atlanta, GA 30338

Jason H Watson
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, NW Suite 2400
Atlanta, GA 30363